# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY WILLIAMS, | Case No. 2:13-cv-00941-JAD-VCF |
| Plaintiff, | |
| vs. | **O R D E R** |
| NEVADA DEPARTMENT OF CORRECTIONS*, et al.* | |
| Defendants. | |

This removed *pro se* prisoner civil rights action by a state inmate comes before the Court for initial review under 28 U.S.C. § 1915A and on plaintiff's motion (Doc. 5) to amend the complaint.

### *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations

of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Jeffrey Williams alleges that he was subjected to excessive use of force, denied adequate medical care, and denid of procedural due process following an alleged August 28, 2012, incident and a subsequent disciplinary proceeding. He names as defendants, in their individual and official capacities, the State of Nevada, the Nevada Department of Corrections ("NDOC"), NDOC Director James G. Cox, High Desert State Prison ("High Desert") Warden Dwight W. Neven, "Cert" Officer C. Ratcliff, Cert Officer Cobb, Correctional Officer Charlie Moran, Sergeant Scott, and Cert Officer Mumpower. He seeks damages, declaratory relief, and an injunction ordering an exam by an outside physician.

In Count I, plaintiff alleges that he was denied procedural due process in a disciplinary hearing when Hearing Officer Eric Burson – who is not otherwise named as a defendant in the list of defendants in the complaint – did not allow him to call a number of inmate witnesses. He alleges that these

-2-

1  witnesses would have substantiated his account regarding the August 28, 2012, incident referenced in
2  Count II.

3        In Count II, plaintiff alleges that he was subjected to cruel and unusual punishment on August
4  28, 201, when Cert Officer Ratcliff allegedly used excessive force against him after plaintiff did not
5  comply with a directive to close the cafeteria door behind him.  Plaintiff alleges that Officer Ratcliff
6  kicked him, struck him and forcibly slammed him against a wall and then to the floor even though he
7  was not physically resisting in any manner.  He alleges that Cert Officer Cobb saw what was happening
8  but did not intervene to stop Ratcliff.  Plaintiff alleges that Correctional Officer Moran called for
9  medical assistance and that he was seen by Nurses Ames and "T.J." and taken to the infirmary.  He
10 alleges that Ames and T.J. – who are not otherwise named as defendants in the listing of defendants in
11 the complaint – took no proper vital signs or blood pressure and did not provide any pain medication.
12 Plaintiff alleges that the nurses prepared a report and sent him back to his unit.  He alleges that he
13 sustained bruises and abrasions to his neck, back and knees.

14       In Count III, plaintiff alleges that he was denied procedural due process in the disciplinary
15 hearing referenced in Count I when Hearing Officer Eric Burson – who again is not included in the
16 listing of defendants – did not permit him to call Cert Officer Cobb as a witness.  Plaintiff alleges that
17 he was found guilty and sentenced to four months in punitive segregation.  He alleges that the
18 "defendants" denied his grievance regarding the disciplinary conviction.

19       Counts I and III fail to state a claim upon which relief may be granted for a denial of procedural
20 due process.  Being subjected to disciplinary or punitive segregation, which mirrors the conditions of
21 administrative segregation and protective custody, in and of itself does not give rise to a liberty interest
22 protected by procedural due process guarantees.  *See, e.g., Sandin v. Conner,* 515 U.S. 472, 485-86
23 (1995).  Segregation confinement gives rise to a protected liberty interest only if the conditions of the
24 confinement constitute an atypical and significant hardship in relation to the ordinary incidents of
25 prison life or the confinement affects the duration of the inmate's sentence.  *Id.*  The complaint fails to
26 allege specific facts that would tend to establish the deprivation of a protected liberty interest under
27 these standards.  The constitutional procedural protections of the Due Process Clause attach only if the
28

1  plaintiff first demonstrates that he was deprived of a protected liberty interest.  The conclusory facts
2  alleged in the original complaint do not do so.

3        The denial of grievances further does not give rise to a viable constitutional claim in Count III.
4  It is well established that prisoners do not have a protected liberty interest in a particular grievance or
5  appeal procedure for a procedural due process claim.  *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860
6  (9th Cir. 2003).  Allegations that a defendant improperly responded to or denied a grievance fail to state
7  a claim separate and apart from the underlying alleged constitutional violation.

8        The remaining count, Count II, states a claim only in part, and only against defendants Ratcliff
9  and Cobb.  The specific allegations of the complaint state a claim for relief against Ratcliff under the
10  Eighth Amendment for excessive use of force.  The complaint further states a claim against Cobb for
11  observing the alleged attack but failing to intervene.  *See, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442
12  (9th Cir. 1995).

13        Count II does not state a claim for relief, however, against Correctional Officer Moran.  All that
14  the complaint alleges is that Moran called for medical assistance after the attack.  Plaintiff states no
15  viable claim against Moran based upon his calling for medical assistance.

16        Nor does Count II state a claim under the Eighth Amendment for a denial of medical care.  In
17  order to state a claim for relief for deliberate indifference to serious medical needs, the plaintiff must
18  present factual allegations tending to establish that the defendant official knew of and disregarded an
19  excessive risk to inmate health or safety.  *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011,
20  1017-18 (9th Cir. 2010).  The official both must be aware of the facts from which the inference of an
21  excessive risk to inmate health or safety could be drawn, and he also must draw the inference.  *Id.*  In
22  other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical
23  need and (b) failed adequately to respond."  *Id.*, (quoting prior authority, with emphasis in original).
24  Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not
25  amount to deliberate indifference.  *See, e.g.,  McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992),
26  *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez*
27  *v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).  Plaintiff's allegations that the nurses should have done
28  more than they did when they examined his bruises and abrasions reflect nothing more than a difference

1   in opinion as to how the bruises and abrasions should have been treated.  The allegations do not state

2   a claim, whether for damages or injunctive relief, because the allegations do not permit the Court to

3   infer more than the mere possibility of misconduct on the claim.  *Iqbal, supra.*

4          The complaint further does not state a claim – in any of the counts – for damages against any

5   of the defendant officers in their official capacity.  State officials sued in their official capacity for

6   monetary damages are not "persons" subject to suit under 42 U.S.C. § 1983.  *See Will v. Michigan*

7   *Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).  The complaint therefore does not present a viable

8   claim for damages, as opposed to injunctive relief, against any of the defendants officers in their official

9   capacity.

10          Nor does the complaint state a claim – in any of the counts – against the State of Nevada and

11   NDOC.  The State, and by extension NDOC as an arm of the State, is not a "person" subject to suit

12   under 42 U.S.C. § 1983.  *See Will*, 491 U.S. 58, 71 & n.10.[1]

13          The complaint further does not state a claim – in any of the counts – against Director Cox,

14   Warden Neven, and Sergeant Scott in their individual capacity.  There is no *respondeat superior*

15   liability under § 1983.  A supervisor may be held liable in his individual capacity only if he either was

16   personally involved in the constitutional deprivation or a sufficient causal connection existed between

17   his unlawful conduct and the constitutional violation.  *See, e.g., Jackson v. City of Bremerton*, 268 F.3d

18   646, 653 (9th Cir. 2001).  The complaint does nothing more than list Cox, Neven, and Scott as

19   defendants, state conclusorily that they are responsible for ensuring that their subordinates do not

20   violate the rights of prisoners, and state no specific allegations of actual fact establishing liability on

21   their part.  They cannot be found liable under  § 1983 based solely upon their supervisory positions as

22   director, warden and sergeant.

23          The complaint also does not state a claim against Cert Officer Mumpower.  This officer is

24   included in the list of defendants, but there do not appear to be any allegations of actual fact in the

25   complaint otherwise concerning this defendant.

26   _____

27        [1]   It would appear that any claim to Eleventh Amendment state sovereign immunity has
     been waived by the removing defendants by the removal.  *See Lapides v. Board of Regents of*
28   *University System of Georgia*, 535 U.S. 613 (2002); *Embury v. King*, 361 F.3d 562 (9th Cir. 2004).

1    Nor does the complaint state a claim – in any of the counts – to the extent that plaintiff seeks

2    to premise liability upon alleged negligence.  Mere negligence is not actionable under § 1983 on an

3    Eighth Amendment claim or a due process claim.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834-36

4    (1994); *Daniels v. Williams*, 474 U.S. 327 (1986); *Sorrells v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002).

5    Regardless, an alleged failure to follow state corrections department regulations give rise to a

6    constitutional violation, under the Eighth Amendment or otherwise.  *See, e.g., Sandin*, *supra*.

7    Finally, the complaint does not state a claim under either 28 U.S.C. § 242 or N.R.S. 41.0322.

8    The complaint does not state a claim under 28 U.S.C. § 242 because there is no such provision.  If

9    plaintiff instead intended to refer to 18 U.S.C. § 242, he has no claim under this criminal statute.  *See,*

10   *e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The provisions of N.R.S. 41.0322 do not

11   give rise to a cause of action but instead establish an administrative exhaustion requirement.

12   The deficient claims in the complaint therefore will be dismissed without prejudice subject to

13   an opportunity to amend.

14   **If plaintiff chooses to file an amended complaint, he should note that:**  now that this

15   removed action is in federal court, plaintiff must follow federal procedures, including the local rules

16   of this Court regarding the requirements for filing civil rights pleadings.  Under Local Rule LSR 2-1,

17   a *pro se* plaintiff must use the Court's required complaint form for a civil rights complaint.  He must

18   comply with all instructions for the complaint form, including the following.

19   First, plaintiff must list all of the defendants in the list of defendants at the beginning of the

20   complaint.  If plaintiff instead refers to unlisted purported defendants within the body of the complaint

21   that are not included in the list at the beginning of the pleading, they will be ignored both by the Clerk

22   and the Court.

23   Second, the instructions for the complaint form permit a plaintiff to allege only one

24   constitutional violation per count.  Plaintiff thus may not, for example, combine an excessive force

25   claim in the same count as a claim for a denial of constitutionally adequate medical care.  Alleged

26   excessive force is one constitutional violation.  Alleged inadequate medical care is another.  If plaintiff

27   again combines multiple constitutional claims within a single count, the Court will disregard all

28

constitutional claims within the count after the first claim, due to the failure to comply with the instructions for the form and the order of the Court.

### *Motion to Amend*

In the motion to amend, plaintiff maintains that he improperly identified a defendant as Charlie Morgan rather than Charlie Moran. He seeks to rename the defendant as Moran rather than Morgan. The complaint on file already refers to the defendant as Moran rather than Morgan. The complaint in any event fails to state a claim against the defendant. The motion therefore will be denied as unnecessary.

Plaintiff further should note the requirements for amending a complaint: A motion to amend must be accompanied by a copy of the amended pleading, and the proposed amended complaint must be a complete document that does not incorporate prior pleadings by reference. In other words, plaintiff may not simply file a motion to amend without also submitting a new amending complaint that is a complete stand-alone document.

**IT THEREFORE IS ORDERED** that all claims against all defendants are **DISMISSED** without prejudice **except** for the claims in Count II: (a) alleging that defendant Ratcliff used excessive force against plaintiff in violation of the Eighth Amendment; and (b) alleging that defendant Cobb failed to protect plaintiff from Ratcliff's use of excessive force. All other claims are dismissed without prejudice subject to an opportunity to amend within **thirty (30) days** of entry of this order to correct the deficiencies identified in this order, if possible. This order accordingly dismisses without prejudice all claims in the original complaint against all remaining defendants other than defendants Ratcliff and Cobb, including the State of Nevada, the Nevada Department of Corrections, James Greg Cox, and Dwight W. Neven.[2]

**IT IS FURTHER ORDERED** that if plaintiff does not timely mail for filing an amended complaint or if the amended complaint does not correct the deficiencies identified in this order, the

---

[2]The Clerk shall correct the docket sheet to reflect that a defendant identified as "Cobb" was an originally listed defendant. The dismissal otherwise extends to all defendants referenced in the complaint other than Ratcliff and Cobb, whether or not currently shown on the docket sheet.

1   action will proceed forward only on the claims against defendants Ratcliff and Cobb identified in the

2   preceding paragraph, unless omitted from any amended complaint filed.

3        **IT FURTHER IS ORDERED** that, on any such amended complaint filed, plaintiff shall clearly

4   title the amended complaint as an amended complaint by placing the word "AMENDED" immediately

5   above "Civil Rights Complaint" on page 1 in the caption and shall place the docket

6   number, **2:13-cv-00941-JAD-VCF**, above the word "AMENDED" in the space for "Case No."

7        Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without

8   reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are

9   not carried forward in the amended complaint no longer will be before the Court.

10       **IT FURTHER IS ORDERED** that plaintiff's motion (Doc. 5) to amend is **DENIED** as

11  unnecessary.

12       DATED:   December 4, 2013.

15  _____

16  Jennifer Dorsey
    United States District Judge

-8-