1
2
3
4                    UNITED STATES DISTRICT COURT
5                          DISTRICT OF NEVADA
6                                * * *
7    JEFFREY WILLIAMS,,                      Case No. 2:13-cv-00941-RFB-VCF
8                           Plaintiff,                      ORDER
9         v.
10   NEVADA DEPT. OF CORRECTIONS; JAMES
     GREG COX, DIRECTOR; DWIGHT W.
11   NEVEN, WARDEN OF HDSP; C. RATCLIFF,
     CERT. OFFICER,,
12
                            Defendants.
13
14
15
16        On July 11, 2014, defendant Ratcliff filed a Motion for Summary Judgment (Doc. 22).  A
17   copy of this motion is attached to this order (Exhibit A).  This Motion was served to plaintiff
18   Williams by U.S. Mail at "Jeffrey Williams, #52553 / Lovelock Correctional Center / 1200
19   Prison Road / Lovelock, Nevada 89412 / Plaintiff Pro Se."  A response to the Motion was due on
20   August 4, 2014, but no response was filed with the Court.  The Plaintiff has, however, filed other
21   documents with the Court in this case.  It is not clear from the record that the Plaintiff received a
22   copy of this Motion given his possible change(s) in address.
23        IT IS HEREBY ORDERED that Williams shall, within 30 days of this Order, confirm
24   receipt of this Order and the Motion for Summary Judgment (Doc. 22) which is attached.
25        IT IS FURTHER ORDERED that Williams shall file any opposition or response to the
26   Motion for Summary Judgment (Doc. 22) within 45 days of this Order.
27        IT IS FURTHER ORDERED that defense counsel shall provide a copy of this Order and
28   the attached Motion for Summary Judgment (Doc. 22) to the warden of Lovelock Correctional

1   Center at 1200 Prison Rd., Lovelock, NV, 89419, for delivery to Plaintiff and that defense

2   counsel shall notify the Court that such production has occurred.

3       DATED September 23, 2014.

4

5       _____
        RICHARD F. BOULWARE, II
6       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1  CATHERINE CORTEZ MASTO
   Nevada Attorney General
2  MERCEDES S. MENENDEZ
   Deputy Attorney General
3  Nevada Bar No. 9443
   Office of the Attorney General
4  Public Safety Division
   555 E. Washington Ave., Ste. 3900
5  Las Vegas, NV 89101
   P: (702) 486-3107
6  F: (702) 486-3773
   mmenendez@ag.nv.gov
7  *Attorneys for Defendant Charles Ratcliff*

8                **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10 JEFFREY WILLIAMS,                    )
                                        )
11          Plaintiff,                  )        CASE NO.: 2:13-cv-00941-JAD-VCF
                                        )
12 vs.                                  )
                                        )        **DEFENDANT'S MOTION FOR**
13 NEVADA DEPT. OF CORRECTIONS; JAMES   )        **SUMMARY JUDGMENT**
   GREG COX, DIRECTOR; DWIGHT W.        )
14 NEVEN, WARDEN OF HDSP; C. RATCLIFF,  )
   CERT. OFFICER,                       )
15                                      )
            Defendants.                 )
16 ─────────────────────────────────────)

17        Defendant Charles Ratcliff, (hereinafter, "Defendant"), by and through legal counsel,

18 Attorney General Catherine Cortez Masto, and Deputy Attorney General Mercedes S.

19 Menendez, of the State of Nevada, Office of the Attorney General, hereby moves for

20 summary judgment pursuant to FED. R. CIV. P. 56.  This Motion is brought with the attached

21 Memorandum of Point and Authorities, all papers and pleadings on file in this case and any

22 oral argument that this Court may entertain on this matter.

23              **MEMORANDUM OF POINTS AND AUTHORITIES**

24        Jeffrey Williams (Plaintiff), who is currently in the custody of the Nevada Department of

25 Corrections (NDOC), has a claim pending in this Court where he has sued Defendant, a

26 Corrections Officer, alleging Eighth Amendment excessive force violations, which he believed

27 occurred on August 28, 2012.

28 . . .

*Attorney General's Office*
*555 E. Washington, Suite 3900*
*Las Vegas, NV 89101*

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

## I.   STATEMENT OF UNDISPUTED FACTS

### A.   THE INCIDENT

On August 28, 2012, Plaintiff was incarcerated at High Desert State Prison.   See Declaration of Connie Campbell, attached hereto as Exhibit "A."   Plaintiff's unit was approaching the chow hall to be fed in dining hall "C."   See Disciplinary File for OIC 349269, attached hereto as Exhibit "B."   Defendant was assisting in the main yard during the evening feeding.   *Id*. at B-6.   As the last three inmates were entering the dining hall, Defendant asked the Plaintiff to close the door as he entered.   *Id*.   Plaintiff stated he would not close the door as it was "not his job."   *Id*.   Defendant then asked the Plaintiff specifically to close the door as he entered the dining hall, which the Plaintiff refused to do for a second time.   *Id*.   Defendant then approached the Plaintiff and ordered him to place his hands against the wall.   *Id*.   Plaintiff refused to place his hands against the wall.   *Id*.   As Defendant approached the Plaintiff, the Plaintiff started to turn towards the wall and walk towards it.   *Id*.   Defendant reached out with his left hand and placed it on the Plaintiff's right shoulder to guide him towards the wall.   *Id*.   Once Defendant's hand was on Plaintiff's right shoulder, the Plaintiff began to give resistance.   *Id*.   For safety reasons, Defendant assisted the Plaintiff to his knees and ordered the Plaintiff to stay in that position.   *Id*.   Plaintiff was compliant to that order.   *Id*.   Defendant spoke to the Plaintiff about the reasoning behind restraining him and instructed the Plaintiff to go into the dining hall.   *Id*.   Plaintiff entered the dining hall without further incident.   *Id*.   Once in the dining hall, Plaintiff became dizzy and fell to the ground. See CD #1-2 at 7.   Shortly thereafter, Defendant heard that a "man down" was called in the dining hall.   *See* B at B-1.

### B.   MEDICAL TREATMENT

After the "man down," Plaintiff was then taken to the infirmary.   See Medical Report of Incident, Injury or Unusual Occurrence, attached hereto as Exhibit "C" at C-345".   No swelling was noted, only minimal abrasions.   *Id.*   Plaintiff was released to custody after the examination without any incident.   *Id.*

. . .

The following day, Plaintiff called a "man down" in his cell, claiming he had pain in his neck and legs from the August 28, 2012 incident. *Id.* at C-344. Plaintiff had a full range of motion in his upper extremities and refused to demonstrate range of motion for his lower extremities. *Id.* Plaintiff was sent back to his cell with ibuprofen. *Id.*

### C.   DISCIPLINARY HEARING

On September 13, 2012, Plaintiff was served with the Notice of Charges, charging him with Disobedience and Battery related to the August 28, 2012 event with Defendant. *See* B at B-6. Later that day, the Battery charge was changed to Assault because the incident that occurred- the brief moment of resistance, was more of an assault rather than a battery, which would have required putting Plaintiff immediately into administrative segregation. *Id.* at B-4. On October 25, 2012 the hearing was held, finding Plaintiff guilty of Disobedience, Assault and Delaying, Hindering, Interfering with Staff. *Id.* at B-2.

## II.   PROCEDURAL HISTORY

Plaintiff filed this action in the Eighth Judicial District Court for the State of Nevada on February 28, 2013. On May 28, 2013, Defendant filed the Petition for Removal, requesting that this action be removed to the United States District Court District of Nevada. CD #1. On December 4, 2013, Plaintiff's Complaint was screened, dismissing all of his claims and defendants except for his Eighth Amendment excessive force claim involving Charles Ratcliff and Todd Cobb. CD # 9. On June 2, 2014, the Attorney General's office accepted service on behalf of Charles Ratcliff but not Todd Cobb as he is a former employee. CD #17. Cobb's last known address was filed under seal that same day. Defendant now moves for the entry of summary judgment in his favor.

## III.   STANDARD OF REVIEW

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *NW. Motorcycle Ass'n v. United States Dep't of Agric.,* 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court must view all evidence and any inferences arising from the evidence

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1   in the light most favorable to the nonmoving party.  *Bagdadi v. Nazar,* 84 F.3d 1194, 1197

2   (9th Cir. 1996).   However, *cf. Beard v. Banks,* 548 U.S. 521, 530 (2006), wherein the

3   Supreme Court noted:

> [W]e must distinguish between evidence of disputed facts and
> disputed matters of professional judgment.  In respect to the
> latter, our inferences must accord deference to the views of prison
> authorities.  Unless a prisoner can point to sufficient evidence
> regarding such issues of judgment to allow him to prevail on the
> merits, he cannot prevail at the summary judgment stage.

*Id.* (internal citation omitted).  Where reasonable minds could differ on the material facts at

issue, however, summary judgment should not be granted.  *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion,

and submitting evidence which demonstrates the absence of any genuine issue of material

fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the moving party has met its

burden, the party opposing the motion "may not rest upon the mere allegations or denials of

his pleading, but . . . must set forth specific facts showing that there is a genuine issue for

trial."  *Anderson,* 477 U.S. at 248 (internal citation and quotation omitted).  FED. R. CIV. P.

56(c) mandates the entry of summary judgment, after adequate time for discovery, against a

party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case and on which that party will bear the burden of proof at trial.  *Celotex,* 477

U.S. at 322.

## IV.   LAW AND ARGUMENT

### A.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM

#### 1.   PLAINTIFF WAS NOT THE VICTIM OF EXCESSIVE FORCE.

##### a.   Force is Not Excessive When it is Applied in a Good-Faith Effort to Maintain Discipline.

Prison officials violate the Eighth Amendment if they cause 'the unnecessary and

wanton infliction of pain."  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v.*

*Albers*, 475 U.S. 312, 319 (1986)).   "[W]henever prison officials stand accused of using

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7.   There are five factors courts consider when determining whether physical force used in a particular set of circumstances is unnecessary and wanton: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.  *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

Where prison officials have acted in response to an immediate disciplinary need because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard, applies.  *Whitley*, 475 U.S. at 320-21. Moreover, there is no need to show a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry.  *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d 1178, 1184 (2003); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th 2000).  Because the use of force relates to the prison official's legitimate interest in maintaining security and order, the court must be deferential when reviewing the necessity of using force.  *Whitley*, 475 U.S. at 321-22; *see also, McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (describing circumstances in which the prison official's use of force was unconstitutionally excessive).

**b.**   **Summary Judgment on Plaintiff's Excessive Force Claim Must be Entered in Defendant's Favor**

In his remaining claim, Plaintiff alleges that Defendant assaulted him without any reason.   CD #1.   However, Plaintiff was found guilty of various offenses, including disobedience, assault and delaying, hindering and interfering with staff arising out of the same incident with the same Defendant.  *See* B at B-6.   In fact, according to Plaintiff's Notice of Charges, Plaintiff refused the orders to close the door, which he freely admitted to in his complaint, refused to go to the wall until Defendant approached him, and resisted Defendant when he tried to place him against the wall.  *Id.*   Defendant saw an immediate need to

maintain order as evidenced by the findings of guilt by an independent disciplinary officer. *Whitley*, 475 U.S. at 320-21. Plaintiff cannot present evidence demonstrating that Defendant acted in a matter that was "malicious and sadistic" rather than reasonably calculated to maintain safety and order in the institution. Instead, as the evidence attached to the exhibits demonstrates, Defendant acted with the force necessary to maintain order.

Although Plaintiff claims that his neck and head were injured as a result of the incident, there is no evidence to support this contention, other than reports of minor abrasions in his medical records. *See* C at C-345. Furthermore, Plaintiff's medical records show that he had full range of motion of his upper extremities and only had some small abrasions. *Id.* at C-344. The NDOC and its officials, including Defendant, have a penological need to restrain inmates who refuse to comply with orders and resist being restrained. When Plaintiff refused to comply and resisted, it was reasonably within the scope of Defendant's professional judgment to determine that a threat to his safety and the institution's security was present. The level of restraint used by Defendant was reasonable under the circumstances and was necessary to maintain discipline and ensure the safety of every inmate and staff member in the institution. *Whitley* at 320-21.

Pursuant to the statement Defendant provided in the Notice of Charges, Defendant saw that the Plaintiff was not following a direction and saw that the incident was beginning to escalate. Defendant attempted to deescalate the situation by having the Plaintiff move towards the wall, which the Plaintiff did not due until the Defendant was close to him. When the Plaintiff began to provide some resistance, the force Defendant used (putting the Plaintiff down on his knees) was minimal and quick, just enough to have the Plaintiff comply, which he did. Simply put, Plaintiff is unable to show Defendant acted with any other purpose than to maintain order and discipline. As such, summary judgment must be entered in Defendant's favor.

**B.   QUALIFIED IMMUNITY**

"The doctrine of qualified immunity protects government officials from civil liability when performing discretionary functions as long as 'their conduct does not violate clearly

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1   established statutory or constitutional rights of which a reasonable person would have

2   known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457

3   U.S. 800, 818 (1982)).   Qualified immunity shields government officials from suit against

4   constitutionally deficient decisions that reasonably misapprehend the law; it extends to "all but

5   the plainly incompetent or those who knowingly violate the law." *Mueller v. Auker*, 576 F.3d

6   979, 992 (9th Cir. 2009)(citations omitted).   The Court favors addressing qualified immunity

7   defenses early in litigation as the doctrine, at least in part, serves the purpose of helping

8   dispose of insubstantial claims against government officials prior to discovery.   *Pearson v.*

9   *Callahan*, 129 S.Ct. at 815 (citations omitted).

10      Analyzing whether a government official is entitled to qualified immunity involves two

11   questions: (1) whether the facts alleged show the official violated a constitutional right; and (2)

12   whether the right was clearly established such that a reasonable government official would

13   know the conduct was unlawful.   *Saucier v. Katz*, 533 U.S. 194, 201, (2001).   These

14   questions need not be answered in any particular sequence; judges have the discretion to

15   choose which of the two questions to address first.  *Pearson*, 129 S.Ct. at 818.

16      Whether an asserted federal right has been clearly established at a particular time

17   presents a question of law.  *Elder v. Holloway*, 510 U.S. 510, 516 (1994).   For purposes of

18   qualified immunity, the term "clearly established" means that "[t]he contours of the right [are]

19   sufficiently clear that a reasonable official would understand that what he is doing violates that

20   right."  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).   Defining a right's "contours" can be

21   somewhat of an art.   The right allegedly violated "must be defined at the appropriate level of

22   specificity before a court can determine if it was clearly established."  *Wilson v. Layne*, 526

23   U.S. 603, 615 (1999)(citing *Anderson*, 483 at 641).   It would be too broad to say, for example,

24   that any alleged violation of the Fourth Amendment is a violation of a clearly established right.

25   *See*, e.g., *Hanlon v. Berger*, 526 U.S. 808 (1999) (the right's contours were not whether

26   homeowners had a Fourth Amendment right against unreasonable searches and seizures but

27   whether they had a Fourth Amendment right against police allowing the media to accompany

28   them onto the owners' property and film the execution of the search warrant).   Conversely,

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1   the Court should guard against defining the right too narrowly, as it could have the effect of

2   doing away with all potential claims.  *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir.1995).

3      Prior judicial decisions on point help the Court identify whether an official reasonably

4   would have known that his or her conduct was unlawful.  *See al-Kidd v. Ashcroft*, 580 F.3d

5   949, 970 (9th Cir. 2009).   This does not mean, however, that an official is guaranteed

6   qualified immunity unless the very act he or she committed has previously been held unlawful.

7   *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).   A right can be clearly established even if

8   there is no case directly on point.  *Foster v. Runnels*, 554 F.3d 807, 816 (9th Cir. 2009).  The

9   key inquiry is whether the unlawfulness of the act would have been apparent to a reasonable

10   person in the light of pre-existing law at the time the act was committed.  *See Hope v. Pelzer*,

11   536 U.S. 730, 739 (2002).

12      As previously discussed, Plaintiff cannot establish that Defendant's actions amounted

13   to a violation of his Eighth Amendment rights.  Even if Defendants' conduct created a triable

14   issue as to the constitutionality of the act, the unlawfulness of the act would not be reasonably

15   apparent to Defendants, or to any reasonable person.   A reasonable correctional officer

16   would have taken action reasonably necessary to eliminate the present threat when face with

17   an argumentative and later resisting inmate.   As such, should the Court find summary

18   judgment inappropriate as to the underlying constitutional violation, Defendant would still be

19   immune from liability under the qualified immunity doctrine.

20   **V.   CONCLUSION**

21      Based on the foregoing, Defendants respectfully request the Court to grant summary

22   judgment on behalf of Defendant Ratcliff.

23      DATED this 11th day of July, 2014.

24                        Respectfully submitted,

25                        CATHERINE CORTEZ MASTO
26                        Attorney General

27                        By:   /s/ Mercedes S. Menendez
                           MERCEDES S. MENENDEZ
28                        Deputy Attorney General
                           *Attorneys for Defendant Charles Ratcliff*

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Attorney General's Office**
555 E. Washington, Suite 3900
Las Vegas, NV 89101

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am an employee of the Office of the Attorney General and that on the 11th day of July, 2014, I served the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** by causing a true and correct copy thereof to be filed with the Clerk of the Court using the CM/ECF system and by causing a true and correct copy thereof to be served via U.S. Mail, Postage Prepaid addressed to the following:

> Jeffrey Williams, #52553
> Lovelock Correctional Center
> 1200 Prison Road
> Lovelock, Nevada  89412
> *Plaintiff Pro Se*

_____/s/_____ Traci Plotnick_____
An employee of the Office of the Attorney General

# EXHIBIT A

# EXHIBIT A

1  CATHERINE CORTEZ MASTO
   Nevada Attorney General
2  MERCEDES S. MENENDEZ
   Deputy Attorney General
3  Nevada Bar No. 9443
   Office of the Attorney General
4  Public Safety Division
   555 E. Washington Ave., Ste. 3900
5  Las Vegas, NV 89101
   P: (702) 486-3107
6  F: (702) 486-3773
   mmenendez@ag.nv.gov
7  *Attorneys for Defendant Charles Ratcliff*

8

                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11 JEFFREY WILLIAMS                    )
                                       )
12              Plaintiff,             )    CASE NO.: 2:13-cv-00941-JAD-VCF
                                       )
13 vs.                                 )
                                       )    **DECLARATION OF**
14 NEVADA DEPT. OF CORRECTIONS; JAMES )    **CONNIE CAMPBELL**
   GREG COX, DIRECTOR; DWIGHT W.       )
15 NEVEN, WARDEN OF HDSP; C. RATCLIFF, )
   CERT. OFFICER                       )
16                                     )
                                       )
17              Defendants.

18

        1.     I, Connie Campbell, present this Declaration in support of Defendant's Motion

19 for Summary Judgment filed in the United States District Court for the District of Nevada

20 case *Jeffrey Williams v. Nevada Department of Corrections,  et al.*, case no. 2:13-cv-00941-

21 JAD-VCF. I have personal knowledge of, and am competent to testify, regarding the matters

22 stated in this Declaration, save for those matters asserted on information and belief, and for

23 those matters, I am informed and believe them to be true.

24      2.     I am currently employed by the Nevada Department of Corrections ("NDOC") as

25 an Administrative Assistant for Associate Warden Quentin Byrne; I have been employed by

26 the NDOC since September 2013; and I have been stationed at Lovelock Correctional

27 Center ("LCC") since September 2013.

28

                                        1

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

3.     The NDOC maintains an Institutional File ("I-File") for each inmate and contains information related to its inmates while incarcerated with NDOC and maintains these files in the regular course and scope of business.

4.     Disciplinary forms related to an inmate's Offenses in Custody ("OIC") are maintained in the inmate's I-File.

5.     A true and correct copy of Inmate Jeffrey Williams (#52553) of the disciplinary file for OIC #349269 is attached to the subject Motion as Exhibit B.

6.     Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Pershing County, Nevada on July 10, 2014.

_____
**CONNIE CAMPBELL**

2

# EXHIBIT B

# EXHIBIT B

# State of Nevada
# Department of Correction

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME: WILLIAMS, JEFFREY 52553 | DATE OF HEARING 10/25/2012   TIME OF HEARING: 06:47 pm |
| CURRENT LOCATION:  HDSP-U2-D-22-A; ; ;NC | NAME OF HEARING OFFICER: BURSON, ERIC |
| LOCATION OF INCIDENT  HIGH DESERT STATE PRISON | DATE OF SERVICE OF NOTICE OF CHARGES        08/28/2012 |
| Culinary/cantee | CHARGING EMPLOYEE:  RATCLIFF, CHARLES |
| OIC#: 349269 | |

### CHARGES AND PLEAS

| Chrg | Description | Plea |
|---|---|---|
| G1 | Disobedience | Not Guilty |
| MJ3 | Battery | Not Guilty |

### ADDITIONAL HEARING INFORMATION

Counsel Substitute Requested: ☐

Name of Counsel Substitute:

Proceeding Recorded: [X]

Stat Forfeiture Possible: ☐

Potential Category: ☐

Offender Cautioned Regarding Possible Criminal Charges and Right to Remain Silent: ☐

### WITNESS INFORMATION

| Name | NDOC/ID# | Decision | Reason | Table |
|---|---|---|---|---|

### CONFIDENTIAL INFORMATION (CI) CHECKLIST (BOTH A & B MUST BE 'YES' TO RELY ON CI)

A  CI RELIABLE ☐           CHECK AT LEAST ONE BOX BELOW

☐ INVESTIGATION OFFICER TESTIFIES PERSONALLY AS TO THE TRUTHFULNESS OF THE CONFIDENTIAL INFORMATION IN HIS REPORT.

☐ CORROBORATING TESTIMONY

☐ DISCIPLINARY CHAIR HAS FIRST HAND KNOWLEDGE OF SOURCE AND SOURCE HAS BEEN RELIABLE IN THE PAST

☐ IN-CAMERA REVIEW OF DOCUMENTS FOUND RELIABLE

B  STATEMENT BY CORRECTIONAL OFFICIAL: SAFETY PREVENTS DISCLOSURE OF CI ☐

### DISCIPLINARY STATEMENT OF OFFENDER

Inmate said that he was previously told by staff not to touch doors so that was why he hesitated.

### INSTITUTION PRESENTATION

### EVIDENCE RELIED ON FOR DISCIPLINARY HEARING

| Date | UserName | Statement |
|---|---|---|
| 10/25/2012 | Burson | Staff report and inmate's statement. |

B1

# State of Nevada
# Department of Correction

## DISCIPLINARY FORM III
## SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:  WILLIAMS, JEFFREY 52553 | DATE OF HEARING 10/25/2012     TIME OF HEARING: 06:47 pm |
| CURRENT LOCATION:   HDSP-U2-D-22-A; ; ;NC | NAME OF HEARING OFFICER: BURSON, ERIC |
| LOCATION OF INCIDENT  HIGH DESERT STATE PRISON Culinary/cantee | DATE OF SERVICE OF NOTICE OF CHARGES          08/28/2012 |
| OIC#:  349269 | CHARGING EMPLOYEE:   RATCLIFF, CHARLES |

### DISCIPLINARY HEARING ACTION

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| G1 | Disobedience | G1 | Disobedience | Refer to Disciplinary Hearing |
| G1 | Disobedience | G1 | Disobedience | Guilty |
| MJ3 | Battery | MJ2 | Assault | Refer to Disciplinary Hearing |
| MJ3 | Battery | G18 | Delaying, Hindering, Inter W/ Staff | Guilty |

### RESULTS OF DISCIPLINARY HEARING

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest. Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|
| 5 VR | | | | 10/25/2012 | | | | |
| ✓ 6 CTN_LOSS | | | 30 | 11/02/2012 | 12/02/2012 | | | |
| ✓ 7 REST | | | | 11/02/2012 | | | ALL_REST | Your account will be frozen until the amount is determined and posted |

### ANCILLARY INFORMATION AND INSTRUCTIONS

| | |
|---|---|
| ☐ | STAT FORFEITURE REFERRAL |
| ☐ | RECOMMENDED CATEGORY |
| ☒ | POST DISCIPLINARY CLASSIFICATION |

| HEARING QUESTIONS: | HEARING ANSWERS: |
|---|---|
| Inmate Defendant Present? | Yes |
| Counsel Substitute Requested | No |
| Proceedings Recorded? | Yes |
| Cautioned for Possible Criminal Charges? | Not applicable |
| Reminded of Right to Remain Silent? | Not applicable |
| Corroboration Testimony for CI Info? | Not applicable |
| Parole Board Referal? | No |
| Post Disciplinary Classification? | Yes |

B2

# State of Nevada
## Department of Correction

### DISCIPLINARY FORM III
### SUMMARY OF DISCIPLINARY HEARING

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|

INMATE NAME: WILLIAMS, JEFFREY 52553

CURRENT LOCATION:   HDSP-U2-D-22-A; ; ;NC

LOCATION OF INCIDENT  HIGH DESERT STATE PRISON
Culinary/cantee

OIC#:  349269

DATE OF HEARING  10/25/2012     TIME OF HEARING: 06:47 pm

NAME OF HEARING OFFICER: BURSON, ERIC

DATE OF SERVICE OF NOTICE OF CHARGES        08/28/2012

CHARGING EMPLOYEE:   RATCLIFF, CHARLES

Director Review Required?

No

Does the offender want a witness

Was asked and does not want a witness

| SIGNATURES AND RECEIPT | DISTRIBUTION |
|---|---|

DATE OF SERVICE: _10/25/12_   TIME OF SERVICE: _1800_

PRINTED NAME OF HEARING OFFICER _Burson_

SIGNATURE OF HEARING OFFICER _____

SIGNATURE OF INMATE _____
(Signature indicates receipt only. It is not a plea; refusal to sign should be noted)

WARDEN/DESIGNEE _____

I-FILE  (Original)

Inmate Services (Copy)

Inmate (Copy

B3

# State of Nevada
## Department of Correction

### DISCIPLINARY FORM II
### SUMMARY OF HEARING OFFICER'S INQUIRY AND DISPOSITION

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:   WILLIAMS, JEFFREY 52553 | DATE OF HEARING 09/13/2012   TIME OF HEARING: 08:58 pm |
| CURRENT LOCATION:   HDSP-U2-D-22-A; : ;NC | NAME OF HEARING OFFICER  SYDIONGCO, MARC |
| OIC#:  349269 | DATE OF SERVICE OF NOTICE OF CHARGES   08/28/2012 |

### IF LATE, PROVIDE EXPLAINATION OF EXCEPTIONAL CIRCUMSTANCE

overdue due to work load

### CHARGES

| Chrg | Description | Plea |
|---|---|---|
| G1 | Disobedience | Not Guilty |
| MJ3 | Battery | Not Guilty |

### PRELIMINARY STATEMENT OF OFFENDER

"I didn't refuse any order, everything that officer said it was fabricated."

### PRELIMINARY INSTITUTION PRESENTATION

Inmate pled not guilty, major offenses committed, referred to disciplinary hearing. ...[MSYDIONGCO, 09/13/2012 21:06:28] Amended to MJ2 due to more appropriate charge.

### PRELIMINARY HEARING OFFICER ACTION

| Chrg | Description | RChrg | Description | Finding |
|---|---|---|---|---|
| G1 | Disobedience | G1 | Disobedience | Refer to Disciplinary Hearing |
| MJ3 | Battery | MJ2 | Assault | Refer to Disciplinary Hearing |

### RESULTS OF INFORMAL SUMMARY HEARIN

| Line | Description | Mths | Days | Eff. Date | End Date | SSL | Rest. Act | Penalty Comment |
|---|---|---|---|---|---|---|---|---|

### EVIDENCE RELIED ON FOR PRELIMINARY HEARING

| Date | UserName | Statement |
|---|---|---|
| 09/13/2012 | Sgt. Sydiongco | The evidence relied on for the PH is the officer's report. |

### ADVISEMENT TO DISCIPLINARY COMMITTE

Counsel Substitute Requested:   [ ]   Name of Counsel Substitute:

### WITNESS INFORMATION

Witness Decision Justification:   Inmate did not wish to have any witness present at the PH.

| Name | NDOC/ID# | Decision | Reason | Table |
|---|---|---|---|---|

Report Name: NVRSID
Reference Name: NOTIS-RPT-OR-0062.8
Run Date:  SEP-13-12 09:06 PM

RECEIVED
SEP 2 6 2012
HDSP

Page 1 of 2

B4

# State of Nevada
## Department of Correction

### DISCIPLINARY FORM II
### SUMMARY OF HEARING OFFICER'S INQUIRY AND DISPOSITION

| INMATE INFORMATION | HEARING INFORMATION |
|---|---|
| INMATE NAME:   WILLIAMS, JEFFREY 52553 | DATE OF HEARING 09/13/2012    TIME OF HEARING: 08:58 pm |
| CURRENT LOCATION:   HDSP-U2-D-22-A; : ;NC | NAME OF HEARING OFFICER  SYDIONGCO, MARC |
| OIC#:  349269 | DATE OF SERVICE OF NOTICE OF CHARGES   08/28/2012 |

| SIGNATURES AND RECEIPT | DISTRIBUTION |
|---|---|

DATE OF SERVICE: _7/13/2012_   TIME OF SERVICE: _8:58pm_    Primary Hearing Officer (Original)

PRINTED NAME OF HEARING OFFICER _Sgt - Sydiongco_    Charging employee (Copy)

SIGNATURE OF HEARING OFFICER _Sgt M.J_

SIGNATURE OF INMATE _____    Inmate (Copy

(Signature indicates receipt only. It is not a plea; refusal to sign should be noted)

# State of Nevada
## Department of Correction
### *DISCIPLINARY FORM I*
### *NOTICE OF CHARGES*

| INMATE INFORMATION | VIOLATION INFORMATION |
|---|---|

**INMATE NAME:** WILLIAMS, JEFFREY 52553

**CURRENT LOCATION:** HDSP U6-B-33-A; ; ;NC    U3D30A

**OIC#:** 349269

**CHARGING EMPLOYEE** C. Ratcliff

**DATE OF INCIDENT:** 08/28/2012

**DATE CHARGES WRITTEN:** 08/28/2012

### CHARGES AND EVIDENCE

| Chrg | Description | Evidence | Evidence Disposition |
|---|---|---|---|
| G1: | Disobedience | Officers Statement | |
| MJ3: | Battery | Officers Statement | |

### REPORT OF VIOLATION

On June 23, 2012 I Correctional Officer (C/O) C. Ratcliff was assigned to the Security Squad (CERT) at High Desert State Prison. At approximately 5:30 p.m. I was assisting with the main yard evening feeding. It was at this time that Unit 6 A/B was coming up for chow to be fed in the, "C" dining hall. As the last of the inmates from the unit began to enter the dining hall, I positioned myself in front of the, "C" dining hall over to the, "E" dining hall to prepare to receive the next unit coming up for chow. As the last three inmates from 6 A/B came close to entering the chow hall I asked inmate Williams #52553 to, "Close the door after you enter." in which he responded, "I'm not doing that, that's not my job!" I then gave inmate Williams a direct order to, "Close the door when you enter." Inmate Williams again stated, "No! It's not my job." I then ordered inmate Williams to place his hands on the wall. In which inmate Williams did not immediately comply and instead, stood in front of, "C" dining hall's door. I then began to approach inmate Williams from the front of, "E" dining hall continuing to give him multiple direct orders to place his hands on the wall. In which he still refused to comply by placing his hands on the wall. As I approached inmate William's position he began to turn toward the wall and slowly walk to it. I then reached out with my left hand and placed it on his right shoulder to guide him to the wall. As I made contact with inmate Williams right shoulder I felt Williams begin to tense up and give me resistance. So, for the safety of myself and the inmate I assisted him to his knees. Once on his knees inmate Williams was ordered to stay in that position in which he was complaint. Inmate Williams was counseled at that time, he stated he understood and was released back to the chow hall to continue with his evening meal. I then requested the assistance of Sgt. Scott in front of, "C" dining hall. Once on scene Sgt. Scott was notified of the situation as it had taken place. In the process of me briefing Sgt. Scott, C/O Moran (Unit 6-A/B Floor Officer) called for a, "Man Down" in, "C" dining hall. Sgt. Scott then responded to the dining hall, due to my earlier, "Spontaneous Use of Force" I did not respond and continued to run the chow lines. A short time later I observed inmate Williams being escorted to the medical cart in which he was transported to the infirmary. I did not see inmate Williams again until approximately 6:20 p.m. as Unit 6-A/B was returning to their unit, when I observed inmate Williams exit the infirmary and walk back to his unit. End Report.

| CHARGING EMPLOYEE SIGNATURE | SUPERVISOR SIGNATURE |
|---|---|
| *C. Ratcliff* | *signature* |

### SERVICE OF NOTICE OF CHARGES

**DATE OF SERVICE:** 9/13/2012   **TIME OF SERVICE:** 8:58PM

**PRINTED NAME OF HEARING OFFICER** Scot. Stykorico

**SIGNATURE OF HEARING OFFICER** *Scot.*

**SIGNATURE OF INMATE** *signature*

(Signature indicates receipt of notice only, it is not a plea; refusal to sign should be noted)

### DISTRIBUTION

Primary Hearing Officer (Original)

Charging employee (Copy)

Inmate (Copy

**RECEIVED**

SEP 0 7 2012

**HDSP**

Report Name: NVRNOC
Reference Name: NOTIS-RPT-OR-0061.1
Run Date: AUG-28-12 07:47 PM

Page 1 of 1

B6

**NEVADA DEPARTMENT OF CORRECTIONS**

**CODE OF PENAL DISCIPLINE**

**DISCIPLINARY FORM IV**

**"RESTITUTION TRACKING FORM"**

---

**1.    INMATE INFORMATION (PRINT)**

LAST NAME: WILLIAMS     FIRST NAME: JEFFREY

ID #: 55553     CURRENT LOCATION: 2D 22A

INCIDENT #: 349209     INSTITUTION: HDSP

---

**2.    HEARING INFORMATION**

DATE OF INCIDENT: 8/28/12     DATE CHARGES WRITTEN: 8/28/12

DATE OF HEARING: 10/25/12     TIME OF HEARING: 6:47PM

---

**3.    GUILTY FINDINGS:**

| | COUNT/CHARGE | | COUNT/CHARGE |
|---|---|---|---|
| I | G1 | V | |
| II | MJ3 | VI | |
| III | | VII | |
| IV | | VIII | |

---

**4.    RESTITUTION**

AMOUNT     EXPLANATION

$_____   TBD - MEDICAL

$_____   _____

$_____   _____

$_____   _____

$_____   _____

$_____   _____

$_____   TOTAL _____

YOU WILL BE ASSESSED RESTITUTION FOR ANY COSTS ARISING FROM THIS INCIDENT.  UNTIL THE AMOUNT OF RESTITUTION IS DETERMINED, YOUR ACCOUNT WILL BE FROZEN.

---

**5.    VICTIM(S) / ACCOMPLICE(S)**

NAME/I.D. NUMBER     NAME/I.D. NUMBER

VICTIM(S):  1. _____     ACCOMPLICE(S)  1. _____

2. _____     2. _____

3. _____     3. _____

4. _____     4. _____

---

**6.    SIGNATURE OF COMMITTEE**

ASO/DESIGNEE: N. ERNESTBERG     SIGNATURE: N.E.     DATE: 10/30/12

PRINTED NAME

INSTITUTION: HDSP

---

**7.    DISTRIBUTION INSTRUCTIONS**

ORIGINAL – I-FILE          COPY - INMATE          COPY – INMATE SERVICES