**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

\*\*\*

JEFFREY WILLIAMS,

        Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRESTIONS, *et al.*,

        Defendants.

Case No. 2:13–cv–941–RFB–VCF

**ORDER**

      This matter involves incarcerated *pro se* Plaintiff Jeffrey Williams' civil rights action against the Nevada Department of Corrections, among others. Before the court is Williams' Motion for Discovery (#31[1]). Defendants filed a response (#32). For the reasons stated below, Williams' Motion for Discovery is denied without prejudice.

**BACKGROUND**

      On July 11, 2014, Defendants moved for summary judgment, arguing, *inter alia*, that they are entitled to qualified immunity on Williams' excessive force claim. (*See* Def.'s Mot. Summ. J. (#22) at 6:26). To date, Williams has not opposed Defendants' motion. Rather, on August 28, 2014, he filed the instant motion for discovery. Williams' motion requests a variety of information relating to the underlying incident, including a correctional officer's personnel file and surveillance footage of the incident. On September 23, 2014, the Honorable Richard F. Boulware, II, U.S. District Judge, granted Williams an additional forty-five days to file an opposition to Defendants' motion for summary judgment.

---

[1] Parenthetical citations refer to the court's docket.

.

.

**DISCUSSION**

Williams is advised that there is no such thing as a "motion for discovery."[2] Under Local Rule 16-1(b), "no discovery plan is required" in section 1983 actions by inmates. "In such cases, a scheduling order shall be entered within thirty (30) days after the first defendant answers or otherwise appears."

Here, no party requested a scheduling order and no order was entered. Defendants are "not entirely opposed to permit the Plaintiff to conduct discovery." (Def.'s Opp'n (#32) at 2:16–23). Rather, Defendants request that Williams file an opposition to the pending motion for summary judgment. (*Id*.) On September 23, 2014, Judge Boulware granted Williams forty-five days to file an opposition. If Williams files a timely opposition, the parties are ordered to meet and confer and file a discovery plan and scheduling order in the form required by Local Rule 16-4.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Williams' Motion for Discovery (#31) is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties must MEET AND CONFER regarding discovery after Williams files an opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

DATED this 24th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] Discovery may only proceed after the parties confer under Rule 26(f). Afterwards, discovery may be sought as permitted by the Federal Rules of Civil Procedure and Local Rules. This includes depositions (*see* Rule 30), interrogatories (*see* Rule 33), requests for production of documents (*see* Rule 34), and requests for admissions (*see* Rule 36). A party may only "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). If a party makes a valid discovery request, and the responding party refuses to comply with the request, a motion to compel discovery may be filed under Rule 37. If a party is unable to oppose a motion for summary judgment because facts are unavailable to him, he may file an appropriate opposition to Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(d).