# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

JEFFREY WILLIAMS,

          Plaintiff,

vs.

NEVADA DEPT. OF CORRECTIONS, *et al.*,

          Defendants.

2:13-cv-00941-RFB-VCF
**ORDER**

This matter involves a claim for cruel and unusual punishment due to a police officer's alleged excessive use of force against an inmate. (Pl.'s Compl. (#1-2[1]) at 7). Before the court is *pro se* Plaintiff Jeffery Williams' Motion for Polygraphic Examination. (#57). For the reasons stated below, the court denies Plaintiff's Motion.

## BACKGROUND

Plaintiff Jeffery Williams' Complaint (#1-2) was screened by the court on December 4, 2013. (#9). In the Order, all claims were dismissed except for claims against Defendants Ratcliff and Cobb involving the use of excessive force. (*Id.* at 7: 14-22). Plaintiff has made several discovery motions in this matter. He filed a Motion for Discovery on August 28, 2014. (#31). The Motion was denied in an Order laying out the proper discovery procedure for Plaintiff and Defendant to follow. (#34). On October 24, 2015, Plaintiff filed a Motion for Copies of Medical Records and Video Recordings. (#45). This Motion was denied on January 9, 2015 for failure to serve production requests on the Defendants before filing what was in essence a motion to compel discovery. (#53).

---

[1] Parenthetical citations refer to the court's docket.

Plaintiff filed a Motion for Polygraphic Examination on February 12, 2015. (#57). In the Motion, Plaintiff requests that he be given a polygraphic examination to show the court that he is telling the truth. (*Id*. at 1: 18-19 & 30-31). He also requests that Defendant Ratcliff be given a polygraphic examination to show that he has not been truthful. (*Id*. at 1: 32-33). Plaintiff moves for these exams "even though they are not [admissible] in a court of law." (*Id.* at 1: 31).

## DISCUSSION

Because Plaintiff is proceeding *pro se*, the court begins its analysis of his Motion (#57) by explaining the relevant law.

## I.  Discovery in Federal Court

Discovery is governed by the Federal Rules of Civil Procedure. Rule 26(b)(1) states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This sets a very permissive standard for discovery, but "the court must limit the frequency or extent of discovery…if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient…or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C).

In order to obtain discovery from an opposing party, a party may use several devices. "A party may serve on any other party a written request to admit…the truth of any matter within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact…and (B) the genuineness of any described documents." FED. R. CIV. P. 36. A party may serve 25 interrogatories on another party, requesting facts, opinions or contentions relating "to any matter that may be inquired into under Rule 26(b)." FED. R. CIV.

P. 33. A party may also serve another party with a request "to produce and permit the requesting party or its representative to inspect...any designated documents or electronically stored information" within the scope of Rule 26(b). FED. R. CIV. P. 34. A party may depose another person, including another party, by oral or written questioning. (FED. R. CIV. P. 30-31).

These procedures may be modified by stipulation. FED. R. CIV. P. 29. The Local Rules of Practice for the United States District Court of Nevada list requirements for stipulations. Local Rule 7-1 states that stipulations, other than those made in open court, "shall be in writing, signed by the parties or counsel for the parties to be bound, and served on all parties who have appeared." Stipulations made under Federal Rule of Civil Procedure 29 may or may not be effective without the approval of the court, depending on the subject-matter. *Id.*

If a party, like Plaintiff, serves a valid discovery request as permitted by the Federal Rules of Civil Procedure, and the opposing party fails to comply, then the party requesting discovery may move to compel under Rule 37. However, before moving to compel, the requesting party must "meet and confer" with the opposing party. FED. R. CIV. P. 37. The parties must engage in a dialogue to attempt to resolve the dispute in good faith. *Id.*; Local Rule 16.1-21. The court cannot consider a motion to compel "unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." Local Rule 26-7(b).

## II.   <u>Plaintiff's Motion for Polygraphic Examination</u>

Plaintiff's Motion for Polygraphic Examination (#57) contains two requests. Plaintiff asks for a polygraphic examination to be administered to himself and for a polygraphic examination to be administered to Defendant Ratcliff. (*Id.*) Plaintiff's Motion is denied for six reasons.

First, Plaintiff did not serve Defendants with any discovery request before filing this Motion. Plaintiff's Motion for Polygraphic Examination (#57) is essentially a motion to compel production of discovery. It asks the court to insert itself into the discovery process. (*Id.*) However, motions to compel

are not the first resort for a party seeking discovery. Plaintiff must first serve some kind of document on Defendants to request that they engage in a certain method of discovery. *See* FED. R. CIV. P. 30, 31, 33, 34, 36.

Second, Plaintiff did not meet and confer with the Defendants regarding his request for polygraphic examinations. After a discovery request has been served and a disagreement has arisen, parties must try to resolve the issue amongst themselves before submitting the conflict to the court. FED. R. CIV. P. 37(a)(1). The Federal Rules of Civil Procedure require that parties submit a certification documenting this meeting as part of making a motion to compel. *Id*. Because Plaintiff never submitted a discovery request to Defendants, Plaintiff did not give Defendants an opportunity to object to the requested discovery and try to resolve the disagreement without appealing to the court. Because Plaintiff's Motion (#57), which the court evaluates as a motion to compel, contains no certification of meeting and conferring with Defendants, it is denied for failure to follow the discovery process set forth in the Federal Rules of Civil Procedure.

Third, even if Plaintiff had followed the correct procedure, he has not cited any applicable statute or case law to establish the court's authority to compel polygraphic examinations. In his Motion (#57), Plaintiff cites Nevada Revised Statute § 289.070, which states that an "officer against whom [an] allegation is made may, but is not required to, submit to a polygraphic examination." This statute only applies to investigations brought under § 289.057, which refers to administrative investigations. *See* NEV. REV. STAT. § 289.055 (2014) ("Each agency in this State that employs peace officers shall: (1) Establish written procedures for investigating any complaint or allegation of misconduct…"). This statute does not apply to civil actions in federal court. The Federal Rules of Civil Procedure control procedure in federal courts. *See Erie R.R. v. Tompkins,* 304 U.S. 64 (1938); *Hanna v. Plumer*, 380 U.S. 460, 473 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). And, the Rules contain no provision regarding polygraphic examinations. Therefore, Plaintiff's Motion (#57) is denied.

1    Fourth, Plaintiff's request that he be given a polygraphic examination must be denied under the

2    court's responsibility to ensure discovery does not become overly burdensome. FED. R. CIV. P.

3    26(b)(2)(C). Plaintiff seeks a polygraphic examination to prove his truthfulness. (Doc. #57 at 1: 19-20).

4    Administering a polygraph serves no value because other methods, such as affidavits or answers to

5    interrogatories, exist, which certify their own truthfulness. *See* FED. R. CIV. P. 26 (g) ("By signing [a

6    discovery disclosure], an attorney or party certifies that to the best of the person's knowledge… it is

7    complete and correct.."). There are less burdensome measures Plaintiff may take to demonstrate his

8    truthfulness. Therefore, Plaintiff's Motion (#57) is denied.

9    Fifth, there was no stipulation for polygraphic examinations by the parties. Courts in the Ninth

10   Circuit have allowed parties to submit polygraphic evidence by joint stipulation of the parties. *See United*

11   *States v. Benavidez-Benavidez*, 217 F.3d 720, 723 (9th Cir. 2000) (citing *Herman v. Eagle Star Ins. Co.,*

12   396 F.2d 427, 427 (9th Cir.1968). Though this Motion (#57) was unopposed[2], the failure of Defendants

13   to respond does not constitute a stipulation to take polygraphic examinations. Local Rule 7-1 lists

14   requirements for stipulations other than those made in open court. They "shall be in writing, signed by the

15   parties or counsel for the parties to be bound, and served on all parties who have appeared." *Id.* Failure to

16   respond to a motion does not fulfill these requirements.

17   Sixth, unstipulated polygraphs are generally disfavored. It is true that polygraph evidence is not

18   *per se* excluded from being used as evidence in the Ninth Circuit. *United States v. Cordoba,* 104 F.3d 225,

19   227-228 (9th Cir.1997). However, "[t]he Ninth Circuit has long expressed its hostility to the admission of

20   unstipulated polygraph evidence." *United States v. Vega-Rubio*, No. 2:09-CR-00113-GMN, 2011 WL

21

22

---

23   [2] Local Rule 7-2(d) states, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." However, this does not deprive a court of its own judgement.

24   A court may still evaluate the merits of the motion, as this court has done. *See* Local Rule 3-1 ("The Court may *sua sponte* or on motion change, dispense with, or waive any of these Rules if the interests of justice so require."; *Kaiser v. Banc of Am. Inv. Servs., Inc.*, 296 F. Supp. 2d 1219, 1221 (D. Nev. 2003) ("Notwithstanding this point, the Court

25   has conducted extensive research in order to reach its decision.")

220033, at *4-5 (D. Nev. Jan. 21, 2011) (citing *Cordoba,* 104 F.3d at 227). Because the results of these polygraphic examinations would most likely not be admissible at trial, as Plaintiff has conceded (Doc. #57 at 1: 32, 34), this discovery request is not reasonably calculated to lead to admissible evidence. Therefore, the information is not discoverable. FED. R. CIV. P. 26(b)(1).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Polygraphic Examination (#57) be DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 30th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE